## In re Hessel, Receiver.

*Bankruptcy—Goods delivered to receiver—Sales—Passing of title—Delivery to carrier—Act of May 19, 1915.*

Where goods are delivered to a carrier prior to the insolvency of the buyer and the appointment of a receiver for the buyer, and thereafter come into possession of the receiver, and the seller has not availed himself of section 19, rule 4, paragraphs 1 and 2, of the Act of May 19, 1915, P. L. 543, 548, to stop the goods in *transitu*, such goods are a part of the assets of the insolvent buyer, inasmuch as the title to them passed on delivery to the carrier.

Bill in equity. Exceptions to distribution. C. P. Luzerne Co., March T., 1923, No. 7.

*Paul Bedford*, for exceptant.

McLEAN, J.—This matter is before the court upon exceptions to schedule of distribution submitted pursuant to order of court after notice to creditors.

The facts as disclosed by the exceptions filed are as follows: That upon order duly received from Sagenkahn Brothers prior to the receivership, the petitioner shipped them an invoice of merchandise on Feb. 13, 1923, amounting to the sum of $182.74, which shipment arrived in Wilkes-Barre Feb. 19, 1923, subsequent to the appointment on Feb. 16, 1923, of the receiver, and subsequent to the date of Feb. 17, 1923, when the receiver assumed charge and control of the affairs of Sagenkahn Brothers, and said merchandise was delivered by the carrier on Feb. 20, 1923, to Sagenkahn Brothers, per J. Johnson, their agent, and receipted for by said Johnson for Sagenkahn Brothers, and thereafter said receiver took control of said merchandise.

It is further conceded by the receiver that the merchandise referred to in the exceptions, together with other assets of the insolvent, were sold at private sale by the receiver and the amount realized, less expenses, constitutes the fund for distribution.

The exceptant contends that the merchandise having been received after the insolvency of the buyer and after the receiver had been appointed, and the receiver having taken possession thereof, the purchase price therefor became a debt of the receivership and should be paid in full from the funds in hand.

This claim would seem to have no legal foundation. The property in the merchandise passed from seller to buyer upon delivery to the carrier (Sales Act of May 19, 1915, § 19, rule 4, pars. 1 and 2, P. L. 543, 548), and the seller, not having availed itself of section 57 (Sales Act of 1915) to stop in transit and retake possession, the merchandise was properly in the hands of the receiver as an asset of the insolvent. Accordingly, exceptions dismissed.

From F. P. Slattery, Wilkes-Barre, Pa.